IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV264-02-MU

TOMMY OWENS,                )
                            )
        Plaintiff,          )
                            )
     v.                     )        O R D E R
                            )
J. KEEFOVER, Detention      )
  Officer at the Meck-      )
  lenburg County Jail,      )
  et al.,                   )
        Defendants.         )
_____)

**THIS MATTER** comes before the Court upon the initial review of Plaintiff's form-Complaint pursuant to 42 U.S.C. §§ 1983 and 1985, filed June 10, 2003. For the reasons stated herein, Plaintiff's Complaint will be dismissed.

As best the Court could determine from a reading of the Inmate Grievance Form which Plaintiff included with his Complaint, his belief that his constitutional rights have been violated stems from an incident which occurred on June 6, 2008. Specifically, Plaintiff's Inmate Grievance Form reports that:

> On about sixth (6th) of June 2008 ask [sic] Detention Officer Ms. Davis three times between time of 7:30 p.m. and 9:30 to look-up Court date in the computer for me ('her response was didn't I tell you not [to] keep asking about a court date.') When ask [sic] her name and badge no# her [] another detention officer joking [sic] gave me these's [sic] badge numbers: #95635/#86524 [sic] her actions (1) Willful misconduct her office, (2) Willful and persistent failure to perform her

1

> duties (3) Habitual intemperance (4) maladminstration of their [sic] office. Filing a civil complaint 42 U.S.C. § 1983 under color of State law under authority by the County Mecklenburg.

On the basis of the foregoing bizarre allegation, Plaintiff filed the instant Complaint alleging that he has suffered "physical, psychological and emotional injuries." Plaintiff seeks compensation "for psychological expert, filing of court papers, attorney fees, travel, lodging and victims compensation (Post Bond Insurance policy" each and for both parties [] agree to settle this matter thru [sic] arbitration of the hundred fourty [sic] thousand dollar ($140,000) insurance policy." However, notwithstanding his obvious belief to the contrary, Plaintiff's Complaint must be dismissed for his failure to state a claim for relief.

Indeed, it goes without saying that Plaintiff's strange allegations are both far too bizarre and too conclusory to state a constitutional claim for relief. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (in determining whether complaint is factually frivolous, a district court is not required to "accept without question the truth of plaintiff's allegations," but rather is permitted to apply common sense and reject the fantastic); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (noting that to survive review for factual frivolousness, a plaintiff proceeding in forma pauperis cannot rely merely on "conclusory allegations."); and Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)

(noting plaintiff "must present more than naked allegations" to survive dismissal).  Accordingly, it is clear that Plaintiff's Complaint must be dismissed because it falls far short of setting forth an allegation upon which relief can be granted.

**NOW, THEREFORE, IT IS ORDERED** that the instant Complaint is **DISMISSED with prejudice** for Plaintiff's failure to state a claim upon which relief can be granted.  See 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: June 16, 2008

Graham C. Mullen
United States District Judge